**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARWIN MAZARIEGOS-DIAZ,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

Nos. 07-73575
08-70330

Agency No. A078-064-843

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

In these consolidated petitions, Darwin Mazariegos-Diaz, a native and

citizen of Guatemala, petitions for review of both the Board of Immigration

Appeals' ("BIA") order affirming an immigration judge's decision denying his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

KY/Research

application for asylum and withholding of removal (No. 07-73575), and the BIA's order denying his motion reconsider (No. 08-70330). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), we review for abuse of discretion the denial of motion to reconsider, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part petition No. 07-73575, and we deny the petition No. 08-70330.

Substantial evidence supports the agency's determination that Mazariegos-Diaz did not establish past persecution on account of a protected ground. *See Elias-Zacarias*, 502 U.S. at 481-82. Substantial evidence also supports the agency's determination that Mazariegos-Diaz failed to establish a well-founded fear of future persecution on account of a membership in particular social group, namely young Guatemalan men vulnerable to gangs and gang violence. *See Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social

group "young men in El Salvador resisting gang violence") (internal quotation omitted). We lack jurisdiction to review Mazariegos-Diaz's contention that he has a well-founded fear of future persecution on account of an imputed political opinion because it is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, because Mazariegos-Diaz failed to demonstrate that he was persecuted on account of a protected ground, we deny the petition as to his asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856.

Because Mazariegos-Diaz failed to establish past persecution on account of a protected ground, his humanitarian asylum claims also fails. *See* 8 C.F.R. § 1208.13(b)(iii).

The agency did not violate Mazariegos-Diaz's due process rights because the record reflects that he was given a "full and fair hearing" and a "reasonable opportunity to present evidence on his behalf." *See Colmenar*, 210 F.3d at 971.

Finally, the BIA did not abuse its discretion in denying Mazariegos-Diaz's motion to reconsider because the motion failed to identify any error of law or fact in the BIA's August 9, 2007 order that would justify granting relief. *See* 8 C.F.R. § 1003.2(b)(1).

KY/Research

07-73575

**No. 07-73575: PETITION FOR REVIEW DENIED in part;**

**DISMISSED in part.**

**No. 08-70330: PETITION FOR REVIEW DENIED.**